FILED
01/24/2020
Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 4, 2019

**TONY YOUNG v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. 85-01374        Chris Craft, Judge**

_____

**No. W2018-02139-CCA-R3-HC**

_____

The pro se Petitioner, Tony Young, appeals the trial court's summary dismissal of his motion to correct an illegal sentence and/or petition for writ of habeas corpus. The Petitioner has failed to show that his sentence is illegal or that he is otherwise entitled to habeas corpus relief; therefore, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in ROBERT L. HOLLOWAY, JR., and TIMOTHY L. EASTER, JJ., joined.

Tony Young, Only, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Assistant Attorney General; Amy P. Weirich, District Attorney General; and Leslie Byrd, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

In 1985, the Petitioner was convicted by a Shelby County Criminal Court jury of aggravated assault, receiving stolen property, and four counts of armed robbery. He was sentenced to life imprisonment as a habitual criminal for the receiving stolen property and four armed robbery convictions, to be served consecutively, and was sentenced to an additional consecutive six-year term for aggravated assault. The judgments were affirmed by this court on direct appeal, and the Tennessee Supreme Court denied his application for permission to appeal. State v. Tony Young, C.C.A. No. 3, 1986 WL 13955, at *1 (Tenn. Crim. App. Dec. 10, 1986), perm. app. denied (Tenn. June 29, 1987).

This court recited the evidence presented at trial in its 1986 opinion as follows:

> In the case sub judice, evidence was presented that an automobile owned by Carol Ann Dotson was stolen on the evening of January 7, 1985, or the morning following. On January 10, 1985, this vehicle was used in an armed robbery of the Whitehaven Liquor Store in Memphis. The robbery of the store yielded approximately $3,800.00, as well as additional cash, jewelry, credit cards and a pistol taken from store employees and two customers. The evidence supports that these robbery victims were also threatened.

> In the course of the robbery, a witness observed a "lookout" man alight from a vehicle parked in front of the store go in and warn the two robbers that the police were coming. The robbers and man exited the store and made their getaway in the car, which later was identified as belonging to Ms. Dotson.

> The [Petitioner] and two other men were apprehended shortly after the robbery in the stolen vehicle. The revolver taken during the robbery was found in the car, along with another revolver used in the robbery, a shotgun, and over $3,000.00 in cash. [The Petitioner] scuffled with an arresting officer and threatened to shoot him. In a statement to police, after <u>Miranda</u> warnings, the [Petitioner] admitted to the robbery, detailed his role inside the liquor store, and acknowledged driving to and from the robbery site.

<u>Id.</u>

On July 24, 2018, the Petitioner filed a "Motion to Correct Illegal Sentence and/or Petition for Writ of *Habeas Corpus* with Attached Memorandum of Points and Authorities." The trial court dismissed the petition without a hearing, and the Petitioner appealed.

In dismissing the petition, the lower court found that the Petitioner's "convictions have been held to be proper by the Court of Criminal Appeals, appear to be correct from the technical record, and have clearly not expired." The court continued that because the Petitioner "has failed to show that the trial court was without jurisdiction to impose the challenged sentence, or that he is presently held on an expired sentence, he is not entitled to habeas corpus relief." The court further noted that the Petitioner "cannot collaterally attack the convictions used by the jury to enhance his conviction, [and] if this petition were to be considered as a petition for post-conviction relief on those priors, . . . the statute of limitations has long since expired on each of them."

## ANALYSIS

In his original petition, the Petitioner raised eight grounds "as to why [his] sentences are illegal." He asserted that (1) his sentences were illegal because they arose out of one crime spree and the indictments were therefore multiplicitious; (2) the trial court improperly considered his prior convictions in determining his status as an habitual criminal at sentencing; (3) his guilty pleas pertaining to his prior convictions were unknowingly entered; (4) consecutive sentencing violated the constitutional prohibition against cruel and unusual punishment; (5) the habitual criminal statute was unconstitutional and deprived him of the presumption of innocence and to not be convicted except beyond a reasonable doubt; (6) the indictment charging him of receiving stolen property denied him due process; (7) he should have received a sentence reduction due to his acceptance of responsibility; and (8) he was denied the right to a jury trial for a determination of his habitual criminal status. On appeal, the Petitioner essentially asserts his reasons why these claims should be considered.

As we will explain, considered as a petition for writ of habeas corpus, the Petitioner is not entitled to relief. It is well-established in Tennessee that the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007); State v. Ritchie, 20 S.W.3d 624, 629 (Tenn. 2000); State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998)). A challenge to the sufficiency of an indictment may be brought in a habeas corpus proceeding if "the indictment is so defective as to deprive the court of jurisdiction." Dykes, 978 S.W.2d at 529.

A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). Furthermore, when a "habeas corpus petition fails to establish that a judgment is void, a trial court may dismiss the petition without a hearing." Summers, 212 S.W.3d at 260 (citing Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005)). Whether the petitioner is entitled to habeas corpus relief is a question of law. Id. at 255; Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000). As such, our review is de novo with no presumption of correctness given to the habeas court's findings and conclusions. Summers, 212 S.W.3d at 255.

We initially observe that the Petitioner has failed to meet the statutory procedural requirements for a petition for writ of habeas corpus. The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Hickman v.

State, 153 S.W.3d 16, 19-20 (Tenn. 2004); Archer v. State, 851 S.W.2d 157, 165 (Tenn. 1993). "A habeas corpus court may properly choose to dismiss a petition for failing to comply with the statutory procedural requirements." Hickman, 153 S.W.3d at 21. First, the petition does not state "the person by whom and place where restrained" as required under Tennessee Code Annotated section 29-21-107(b)(1). The petition does not include copies of the judgments upon which the Petitioner is incarcerated as required under section 29-21-107(b)(2). The Petitioner also failed to state in his petition that "the legality of the restraint has not already been adjudged upon a prior proceeding of the same character," or that this is the "first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do" as required under sections 29-21-107 (b)(3) and (4).[1]

Not only has the Petitioner failed to follow the statutory procedural requirements for filing a petition for writ of habeas corpus, he has also failed to establish that he is entitled to relief.

First, the Petitioner's challenge to the indictments based on their "multiplicitious" nature could result only in a voidable judgment and is not cognizable in a habeas corpus proceeding. See Anthony Bowen v. State, No. E2007-01845-CCA-R3-HC, 2008 WL 450630, at *3 (Tenn. Crim. App. Feb. 20, 2008), perm. app. denied (Tenn. May 5, 2008).

Second, the Petitioner's challenge to the trial court's finding that he is a habitual offender is also not a cognizable claim for habeas corpus relief. As this court in Yates v. Parker, 371 S.W.3d 152 (Tenn. Crim. App. 2012), explained:

A trial court's conclusion with regard to a defendant's offender classification "rests on issues of fact - the number, classes, and dates of prior convictions - which must be determined 'beyond a reasonable doubt.'" Cantrell[ v. Easterling], 346 S.W.3d [445,] 451 [(Tenn. 2011)]. A defendant who disagrees with a trial court's findings of fact with regard to an offender classification "may raise this issue on direct appeal" because an appeal of this type "is akin to a challenge to the sufficiency of the evidence supporting a conviction." Id. "Sentences containing alleged errors dependent upon a review of the trial court's findings of fact should be challenged on direct appeal and not in a habeas corpus proceeding." Id. (citing Archer, 851 S.W.2d at 161 ("recognizing that habeas corpus cannot be utilized to 'impeach a judgment as contrary to the facts'") (citations omitted)). "While a trial court may make an error in offender classification, the error is not going to render the sentence illegal so long as the

---

[1]We note that nothing in the original petition mentions prior proceedings, but the Petitioner's appellate brief includes a copy of a petition for writ of habeas corpus dated May 11, 1999.

classification falls within the purview of the Sentencing Act." Cantrell, 346 S.W.3d at 458. The Petitioner has not stated a cognizable claim for habeas corpus relief.

Yates, 371 S.W.3d at 146.

Third, the Petitioner's complaint that his pleas to the prior offenses upon which he was ultimately found to be a habitual offender were unknowing, even if proven, would render the challenged judgments voidable not void. See, e.g., Odell Wisdom v. Randy Lee, Warden, and State, No. E2016-01737-CCA-R3-HC, 2017 WL 991910, at *2 n.3 (Tenn. Crim. App. Mar. 14, 2017) ("[T]he Petitioner's claim that his guilty plea was unknowing and involuntary due to coercion, if proven, would render the challenged judgment voidable rather than void and does not present a cognizable claim for habeas corpus relief."); Larry L. Halliburton v. State, W2001-00755-CCA-R3-CO, 2002 WL 1558611, at *2 (Tenn. Crim. App. Jan. 30, 2002) ("Judgments based upon invalid guilty pleas are voidable and should be challenged through a petition for post-conviction relief."), perm. app. denied (Tenn. July 1, 2002).

Fourth, the Petitioner asserted in his petition that the imposition of consecutive sentencing "violated the state and federal constitutional prohibition against cruel and unusual punishment, irrational sentencing and due process of law." This court has previously held that challenges to convictions based upon constitutional violations in the conviction proceedings are issues that should, in most cases, be raised in a petition for post-conviction relief rather than in a habeas corpus petition. See Luttrell v. State, 644 S.W.2d 408, 409 (Tenn. Crim. App. 1982); see also Fredrick B. Zonge v. State, No. 03C01-9903-CR-00094, 1999 WL 1191542, at *1 (Tenn. Crim. App. Dec. 16, 1999) (stating "[a]lleged violations of constitutional rights are addressed in post-conviction, not habeas corpus, proceedings"), perm. app. denied (Tenn. June 26, 2000).

Fifth, the Petitioner asserted in his petition that the habitual criminal statute in 1985 was unconstitutional and denied him "the [r]ight to the presumption of innocence and not be convicted of being a habitual criminal except beyond a reasonable doubt[.]" He elaborated that the jury charge identified him as a "habitual criminal" and thus "eviscerate[d] [his] right to a fair jury verdict by the plain fact that the charge . . . stated that [he] was already a 'habitual criminal[.]'" (I: 21) In Marvin Anthony Mathews v. State, No. 02C01-9701-CC-00024, 1997 WL 266820, at *1 (Tenn. Crim. App. May 21, 1997), perm. app. denied (Tenn. Sept. 2, 1997), the habeas corpus petitioner argued that the habitual criminal statute violated his constitutional right to due process and that the reasonable doubt instruction used during trial was unconstitutional. A panel of this court recognized that "the courts of this state have upheld the constitutionality of the statute at issue. Neither has the petitioner shown that his sentence has expired. The court below therefore correctly denied the petitioner the requested habeas corpus relief." Id. We conclude the same.

5

Sixth, the Petitioner asserted in his petition that "[t]o be found guilty of being a 'habitual criminal' for 'receiving a stolen' car and sentenced to 'Life' in prison, is a throwback to the days when the death penalty was applied to horse stealing." He argued further that "[t]he convictions and sentence for 'receiving stolen property' was deficient for not being able to offer an accusation fairly that the Petitioner knew the thief of the property, which in any case, he could not otherwise be convicted of receiving stolen property." It is unclear from the Petitioner's argument whether he challenged the constitutionality of the statute or the sufficiency of the evidence. Regardless, he did not challenge the trial court's jurisdiction over the matter and did not assert that his sentence had expired.

Seventh, the Petitioner argued in his petition that he was entitled to a reduction of his sentence because he admitted to police that he was involved in the commission of the robbery and his role inside the liquor store. By this claim, the Petitioner neither challenged the trial court's jurisdiction nor claimed that his sentence is expired.

Lastly, the Petitioner argued that when he "was sentenced in 1985, there was a requirement of a jury to find guilt beyond a reasonable doubt that defendant is a habitual criminal," but that the jury was not instructed that it had to find him "guilty of being a habitual criminal 'beyond a reasonable doubt[.]'" This court has repeatedly held that a claim of erroneous jury instructions is not a cognizable basis for habeas corpus relief. See, e.g., Willis Holloway v. State, No. W2017-01573-CCA-R3-PC, 2018 WL 3954195, at *4 (Tenn. Crim. App. Aug. 16, 2018); Jerry Dickerson v. Howard Carlton, Warden, No. E2007-01967-CCA-R3-HC, 2008 WL 631171, at *2 (Tenn. Crim. App. Mar. 10, 2008), perm. app. denied (Tenn. June 23, 2008).

Furthermore, considering the petition as a motion for correction of an illegal sentence, the Petitioner is also not entitled to relief.

Rule 36.1 provides "a mechanism for the defendant or the State to seek to correct an illegal sentence." State v. Brown, 479 S.W.3d 200, 208-09 (Tenn. 2015). An illegal sentence is defined as "one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). When a defendant files a motion under Rule 36.1, the trial court must determine whether the motion "states a colorable claim that the sentence is illegal." Tenn. R. Crim. P. 36.1(b). In the context of Rule 36.1, a colorable claim is a claim that, "if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." State v. Wooden, 478 S.W.3d 585, 593 (Tenn. 2015).

Our supreme court has classified the three categories of sentencing errors: clerical errors (those arising from a clerical mistake in the judgment sheet), appealable errors (those for which the Sentencing Act specifically provides a right of direct appeal) and

fatal errors (those so profound as to render a sentence illegal and void). <u>Id.</u> at 594-95. Fatal errors are "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." <u>Id.</u> The court held that only fatal errors render sentences illegal. <u>Id.</u>

In his motion to correct an illegal sentence and/or petition for writ of habeas corpus, the Petitioner failed to identify any fatal error which would render his sentences illegal. As noted above, his claims all involve issues that should have been raised on direct appeal or on post-conviction, none of which include a claim that the trial court acted beyond the limits of its jurisdiction or in violation of any applicable statute. The Petitioner is not entitled to relief.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the judgment of the trial court.

_____
ALAN E. GLENN, JUDGE